IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                          18-CR-126-W

JENNA REDDING,

          Defendant.

_____



## PLEA AGREEMENT

The defendant, JENNA REDDING, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Superseding Indictment which charges a violation of Title 18, United States Code, Section 371 (conspiracy to transfer firearms purchased outside of state of residency), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    that an agreement existed between two or more people to transport into, and receive in, the State of New York, firearms obtained outside the State of New York, without being a licensed firearm importer, manufacturer, dealer, or collector;

b.    that the defendant knowingly and willfully became a member of the conspiracy;

c.    that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment; and

d.    that the overt act was committed to further some objective of the conspiracy.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Between in or about November 2017, the exact date being unknown, and on or about May 11, 2018, in the Western District of New York and elsewhere, the defendant, JENNA REDDING, without being a licensed firearm importer, manufacturer, dealer, or collector, did

2

knowingly, willfully, and unlawfully combine, conspire and agree with Robert L. Williams, Jr., to transport firearms into the State of New York from a place outside of New York, that is, the State of Ohio.

b.  During the time period of the conspiracy, the defendant assisted Williams, who then resided in the State of New York and who the defendant knew was engaged in firearms trafficking and narcotics trafficking, in conducting straw purchases of firearms in the State of Ohio for the purpose of transporting the firearms into New York State. Specifically, the defendant purchased firearms in Ohio in her own name, while knowing that the firearms were actually paid, and intended, for Williams. The defendant's actions led directly to the following firearms being purchased on behalf of Williams:

   i.  On May 9, 2018, the defendant purchased a Glock Inc., 27 Gen4 model, .40 caliber pistol, bearing serial number BFFW009; and a Glock GMBH, 22Gen4 model, .40 caliber pistol, bearing serial number BHAH438 from MGA ARMS, located in Perry, Ohio. These firearms were then transported into the Western District of New York.

   ii.  On May 11, 2018, the defendant purchased a Roman/Cugir, Micro Draco model, 7.62 caliber pistol, bearing serial number PE-2075-2018; a Glock GMBH, 19X model, 9mm caliber pistol, bearing serial number BHDX347; a Glock GMBH, 26 model, 9mm caliber pistol, bearing serial number BGWZ718; a Glock GMBH, 30SF model, .45 caliber pistol, bearing serial number BFTK509; a Diamond Back, DB-15PB7 model, .556 caliber pistol, bearing seral number DBI742752; a Armscor, VR60 model, 12 gauge shotgun, bearing serial number R009564; a Eksen, MKA 1919 model, 12 gauge shotgun, bearing serial number E1800729; and a HNH USA, LLC, FNS-9C model, 9mm caliber pistol, bearing serial number CSU0058308, from MGA ARMS, located in Perry, Ohio. These firearms were then transported into the Western District of New York.

c.  On July, 2018, the defendant spoke with ATF Special Agent Elizabeth Gardner after being read her Miranda warnings. The defendant stated that she purchased firearms from a firearm licensed dealer in Perry, Ohio. The defendant stated that she purchased ten (10) firearms for Robert L. Williams, Jr. The defendant admitted that she completed the Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473s in May 2018, knowing that the firearms were actually paid, and intended, for Robert Williams, Jr. The defendant further stated that as part of her agreement to purchase firearms for Robert Williams, Jr., on May 9, 2018 and May 11, 2018, she was supposed to receive 3 grams of heroin

3

and $200. Instead she received 2 grams of heroin and approximately $70.

d.   The government maintains that at least 8 but less than 24 firearms were involved in the defendant's relevant conduct encompassed in the Superseding Indictment, which could be readily proven by the government against the defendant.

## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that the following specific offense characteristics do apply:

a.   the 4-level increase pursuant to Guidelines § 2K2.1(b)(1)(B) (offense involves between 8 and 25 firearms); and

b.   the 4-level increase pursuant to Guidelines § 2K2.1(b)(6)(B) (transferred firearms knowing they would be used in connection with another felony offense).

## ADJUSTED OFFENSE LEVEL

8.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **20**.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **17**.

## CRIMINAL HISTORY CATEGORY

10.     It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of **17** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **24** to **30** months, a fine of **$10,000** to **$95,000**, and a period of supervised release of **1** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.    The government and the defendant agree to the correctness of the calculation of the alternative Sentencing Guidelines ranges set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.  This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

14.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

15.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

17.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.    The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE/DISPOSAL PROVISIONS FIREARMS AND AMMUNITION

20.     Upon the defendant's conviction of Count 1 of the Superseding Indictment the defendant agrees to the administrative forfeiture of all of her right, title, and interest in the following property pursuant to Title 18, United States Code, Section 924(d):

a.     One Glock Inc., 27 Gen4 model, .40 caliber pistol, bearing serial number BFFW009;

b.     One Glock GMBH, 22Gen4 model, .40 caliber pistol, bearing serial number BHAH438;

c.     One Roman/Cugir, Micro Draco model, 7.62 caliber pistol, bearing serial number PE-2075-2018;

d.     One Glock GMBH, 19X model, 9mm caliber pistol, bearing serial number BHDX347;

e.     One Glock GMBH, 26 model, 9mm caliber pistol, bearing serial number BGWZ718;

f.     One Glock GMBH, 30SF model, .45 caliber pistol, bearing serial number BFTK509;

g.     One Diamond Back, DB-15PB7 model, .556 caliber pistol, bearing seral number DBI742752;

h.     One Armscor, VR60 model, 12 gauge shotgun, bearing serial number R009564;

i.     One Eksen, MKA 1919 model, 12 gauge shotgun, bearing serial number E1800729; and

j.     One HNH USA, LLC, FNS-9C model, 9mm caliber pistol, bearing serial number CSU0058308.

21.     The defendant hereby waives any right to contest the administrative forfeiture proceeding to be brought by the government or which has been brought, and further agrees to waive all time deadlines, restrictions and notice requirements contained in Title 18, United

States Code, Section 983. The defendant also agrees not to file any petitions or other pleadings to interfere with the full forfeiture of the firearms and ammunition listed herein. The defendant further agrees to the destruction of the firearm and ammunition described above.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

22.    This plea agreement represents the total agreement between the defendant, JENNA REDDING, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____
EMMANUEL O. ULUBIYO
Assistant United States Attorney

Dated: December 20, 2018

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, Walter Rooth, III, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____
JENNA REDDING
Defendant

Dated: December 20, 2018


_____
WALTER ROOTH, III. ESQ.
Attorney for the Defendant

Dated: December 20, 2018